UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ARTHUR EUGENE FRISBY, | : | |
| Petitioner, | : | Civ. No. 21-12941 (RBK) |
| v. | : | |
| LAMINE N'DIAYE, | : | **OPINION** |
| Respondent. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

I.      INTRODCUTION

Petitioner, Arthur Eugene Frisby ("Petitioner" or "Frisby"), is a federal prisoner proceeding *pro se* with an amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. (*See* ECF 3). For the following reasons, Petitioner's amended habeas petition is denied.

II.      FACTUAL AND PROCEDURAL BACKGROUND

In 2010, Petitioner was convicted by a jury after trial in the United States District Court for the Eastern District of Pennsylvania of the following:

1. One count of possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1) (Count One);

2. One count of possession within intent to distribute marijuana within 1000 feet of public housing authority in violation of 21 U.S.C. § 860(a) (Count Two);

3. One count of possession of cocaine in violation of 21 U.S.C. § 844(a) (Count Three);

4. One count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count Four); and

    5.   One count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) & 924(e).[1]

(*See* E.D. Pa. Crim. No. 10-84 ECF 83). Petitioner received a total sentence of 262 months imprisonment on these convictions. (*See id.*). The United States Court of Appeals for the Third Circuit affirmed Petitioner's judgment of conviction on direct appeal. *See United States v. Frisby*, 474 F. App'x 865 (3d Cir. 2012).

Subsequently, Petitioner filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 in the Eastern District of Pennsylvania. (*See* E.D. Pa. Crim. No. 10-84 ECF 93). That Court denied Petitioner's § 2255 motion in March, 2014. (*See* E.D. Pa. Crim. No. 10-84 ECF 106). The Third Circuit then denied a certificate of appealability on Petitioner's § 2255 motion. (*See* E.D. Pa. Crim. No. 10-84 at 112).

Most relevant to this case, Petitioner has filed this instant amended habeas petition pursuant to 28 U.S.C. § 2241(c). Petitioner argues that he is actually innocent of the sentencing enhancement under the Armed Career Criminal Act ("ACCA") found within 18 U.S.C. § 924(e). He claims that the Pennsylvania statute which formed the basis for Petitioner's ACCA

---

[1] Section 924(e)(1) of Title 18 of the United States Code states as follows:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

18 U.S.C. § 924(e)(1).

enhancement swept more broadly than its federal counterpart such that the Pennsylvania convictions could not be used to enhance his federal sentence under the ACCA.

Respondent opposes Petitioner's amended habeas petition. Respondent argues Petitioner is relying on the Third Circuit's decision in *In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997), which permitted federal prisoners to bring § 2241 habeas petitions in limited circumstances. That case held that the remedy under § 2255 is inadequate or ineffective permitting a petitioner to resort to § 2241 where the petitioner who previously filed a § 2255 motion on other grounds had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate. *See Dorsainvil*, 119 F.3d at 251. According to Respondent, however, Petitioner cannot rely on *Dorsainvil* because he is not challenging his conviction for an underlying offense, but rather only the ACCA sentencing enhancement. (*See* ECF 12 at 7-8). Petitioner did not file a reply brief in support of his habeas petition.

### III.     DISCUSSION

On June 22, 2023, the Untied States Supreme Court decided *Jones v. Hendrix*, 143 S. Ct. 1857 (2023) which has significantly changed the landscape for petitioners such as Petitioner in this case in seeking to bring a § 2241 habeas petition under *Dorsainvil* and similar cases from other Circuits. As one court in this District recently noted, *Jones*

> held that the saving clause of § 2255(e) does not authorize "a prisoner from seeking relief based on a newly adopted narrowing interpretation of a criminal statute that circuit precedent had foreclosed at the time of the prisoner's trial, appeal, and first § 2255 motion[,]" thus, abrogating *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997); *Triestman v. United States*, 124 F.3d 361, 378–380 (2d Cir. 1997); *In re Davenport*, 147 F.3d 605, 609–611 (7th Cir. 1998), and the majority of circuit court decisions that followed. 143 S. Ct. 1857, 1868 (2023).

*Odie* v. *Knight*, No. 22-5249, 2023 WL 4759547, at *2 (D.N.J. July 26, 2023). In *Jones*, the Supreme Court explained that there are only two limited conditions where Congress has

3

permitted a federal prisoner to bring second or successive attacks on collateral sentences as laid out in 28 U.S.C. § 2225(h). *See Jones*, 143 S. Ct. at 1869. Section 2255(h) states as follows:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Neither of the limited conditions set forth in § 2255(h) are raised in Petitioner's amended habeas petition. This Court therefore lacks jurisdiction over Petitioner's amended habeas petition challenging his ACCA sentence based on purportedly intervening statutory interpretation and whether his predicate crimes were properly considered within the definitions in § 924(e) to enhance his sentence. *Accord Glass v. Paul*, No. 22-40, 2023 WL 4237343, at *2 (E.D. Ky. June 28, 2023) (finding a lack of jurisdiction over petitioner's § 2241 habeas petition pursuant to *Jones* where petitioner asserted his prior drug convictions no longer qualified as valid predicate offenses under the ACCA). Petitioner cannot bring his statutory argument claim in this § 2241 petition based on *Jones*.

Whenever a party files a civil action in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. This Court notes that Petitioner already has an action before the Third Circuit seeking leave to file a second or successive § 2255 motion that was transferred to that Court by the Eastern District of

4

Pennsylvania. (*See* E.D. Pa. Crim. No. 10-84 ECF 156; 3d Cir. C.A. 23-2299). That application also challenges Petitioner's ACCA sentencing enhancement (albeit for somewhat different reasons than raised in this § 2241 action). In light of that ongoing proceeding, this Court does not deem it in the interest of justice to transfer this action to the Third Circuit given Petitioner can presumably seek to amend to any arguments raised within this § 2241 action in that action presently before the Third Circuit.

### IV.     CONCLUSION

For the foregoing reasons, Petitioner's amended habeas petition is denied due to a lack of jurisdiction. An appropriate order will be entered.

DATED: July 31, 2023

s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge